UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00173-JRS-MKK |
| | ) | |
| ANTHONY MILIAN, JR., | ) -02 | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE</u>**

On August 26, 2025, Defendant Anthony Milian, Jr., was charged with one count of violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm by a Convicted Felon). [Dkt. 1.] The Government moved for pretrial detention, and the Court held a Detention Hearing on September 12, 2025. [Dkt. 37.] Mr. Milian was ordered detained pending trial. [Dkt. 38.] The Court's Order of Detention states as follows:

> For the reasons more fully stated on the record, the Court found that the Government met its burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required. The Court also considered positive factors shown by the Defendant, including ties to the community. However, the Government showed a strong weight of evidence against the Defendant, he has a significant prior criminal history that includes violence, he has previously violated release conditions, and he has a prior escape conviction. Due to all of these factors, and as more fully stated on the record considering the factors set forth in 18 U.S.C § 3142(g), the Court detained the Defendant pretrial.

[*Id.* at 4.]

On February 27, 2026, Mr. Milian, through counsel, filed a Motion to Modify Conditions of Release. [Dkt. 48.] In that Motion, Mr. Milian cites 18 U.S.C § 3142(f) and (i), asking that the Court "reconsider Mr. Milian's detention order in light of the changed circumstances, more

specifically a surgery scheduled for his five-year-old son, and to release him on conditions to include home incarceration and supervision by Pretrial Services." [*Id.* at 1.] The Motion states that his son's surgery is scheduled for March 11, 2026, and that if the Motion is granted, Mr. Milian will reside at an address outside of this District in Cookeville, Tennessee. [*Id.* at 3.] Mr. Milian's Motion does not set forth a proposed time limit on the release request, so it appears that he is requesting that he be released on approved conditions until trial.

The Government opposes Mr. Milian's Motion. [Dkt. 52.] The Government states that while the "United States sympathizes with Defendant's desire to be present during what will surely be a difficult and stressful time . . . that desire is not sufficient to reopen the detention hearing or justify his temporary release." [*Id.* at 1.] The Government cites the applicable legal standards and emphasizes that Mr. Milian bears the burden of proof for demonstrating a sufficient ground for temporary release under 18 U.S.C § 3142(i). [*Id.* at 1-2.] Even if Mr. Milian's son's scheduled surgery is a recent development, the Government emphasizes that his son's health condition is not new and does not constitute the changed circumstances necessary for the Court to reopen the Detention Hearing. [*Id.* at 3.] The Government also argues that Mr. Milian's request does not meet the requirements of 18 U.S.C § 3142(i), since Mr. Milian is requesting an extended release, not a temporary release. [*Id.* at 3.]

Since Mr. Milian's Motion cites both 18 U.S.C § 3142(f) and 18 U.S.C § 3142(i), the Court will consider each of those sections in turn. 18 U.S.C § 3142(f) provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

In order for the court to reconsider the detention decision, the defendant "must present evidence that was not previously available and is relevant to the determination of his risk of flight or danger to the community." *United States v. Romero*, 2022 WL 3210486, at *3 (N.D. Ind. Aug. 9, 2022). The court does not need to hold an additional hearing if the moving party fails to reach this threshold showing.[1]  *Id.*

Mr. Milian's Motion cites a change in circumstances that his son is now scheduled to have heart surgery at Vanderbilt Children's Hospital on March 11, 2026.  [Dkt. 48.]  Mr. Milian represents that his son's mother is the only currently available support for his son, and he contends that his release is needed for the mother's "mental and physical support" as she cares for their son and another child.  [*Id.*]  Mr. Milian cites his strong family support and intent to continue online education and attend alcoholics anonymous meetings as support for his request.  [*Id.*]

The Court agrees with the Government that the scheduling of Mr. Milian's son's surgery is not the type of change in circumstances that requires the Court to reopen the Detention Hearing under 18 U.S.C § 3142(f).  While the Court empathizes with Mr. Milian's son, his son's mother, and Mr. Milian's inability to be present at the upcoming surgery, that is not the type of change in circumstances that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Mr. Milian] as required and the safety of any other person and the community," as is required by the statute.  The other circumstances cited in Mr. Milian's Motion, such as his family support, were already presented at his Detention Hearing as evidenced by the Court's Detention Order citing its consideration of "positive factors shown by the Defendant,

---

[1] Mr. Milian's Motion does not ask that the Court schedule a hearing.  Out of an abundance of caution, the chambers of the undersigned contacted counsel for Mr. Milian and the Government to attempt to schedule a hearing, but counsel confirmed it was not necessary for the Court to hold a hearing.  Thus, the Court set a briefing schedule and now rules on the pending Motion based on the Parties' filings.

3

including ties to the community." [*See* dkt. 38 at 4.] Thus, the Court does not find that Mr. Milian's Motion sets forth a threshold basis for the Court to reopen the Detention Hearing under 18 U.S.C § 3142(f), and the Court denies the Motion on that basis.

Turning to 18 U.S.C § 3142(i), that statute provides that after issuing a detention order,

> [t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Mr. Milian does not appear to be requesting temporary release. Rather, he appears to be requesting release, home detention, and pretrial supervision in another District pending trial. That type of extended release is not what is contemplated by 18 U.S.C § 3142(i), and the Court denies it on that basis alone.

For all of these reasons, the Court **DENIES** Mr. Milian's Motion to Modify Conditions of Release. [Dkt. 48.] While like the Government the Court also empathizes with Mr. Milian's inability to be present during his son's surgery, the pending Motion does not present a convincing basis for the Court to reconsider its prior detention decision. Thus, Mr. Milian remains detained pretrial pursuant to the Court's previously issued Order of Detention. [Dkt. 38.]

**SO ORDERED.**

Date: 3/9/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kelsey Massa
DOJ-USAO
kelsey.massa@usdoj.gov

Mitchell Adam Swedarsky
swedarsky.law@gmail.com